Milligan, J.,
delivered the opinion of the Court.
In this case, it appears that John Carren, F. Shu-holdt, and S. J. Crothers, brought their action in the Circuit. Court of Montgomery, against Samuel Simpson, to recover one thousand- dollars, due by bond; and that the action was successfully prosecuted to final judgment. At the time the suit was instituted, the ordinary prosecution bond was executed, with A. Robb, (now dead,) and James E. Bailey, security for costs. Execution issued on the judgment, which was duly returned, indorsed, “No property found to make the debt, or any part thereof;” whereupon the Clerk, the plaintiff in this case, moved the Court for judgment against the defendants in error, and their securities in the prosecution bond, for the fees due him on account of services rendered, at the instance of plaintiffs in the original action. The Circuit Judge allowed the motion, and proceeded to pronounce judgment for $6.25 against the plaintiffs, and James E. Bailey, and Mary E. Robb, Executrix of A. Robb, deceased; from which the latter two, as sureties in the prosecution bond, appeal in error to this Court.
The rule of the common law, that witnesses. shall be tendered their fees before they are bound to' attend, has been, for many years, abrogated by Statute in this *467 State. The law fixes their compensation, and they are bound to attend, or incur, by forfeiture, a penalty of $125, and a liability to such other damages, at the suit of the party summoning the; witness, as may be sustained for want of their testimony. In like manner, the officers of Court are bound to perform the services required of them by law, for the compensation therein fixed, and without payment in advance. Such is the very nature of the undertaking, when they assume the duties of their office; and although the law imposes upon them but few duties, for which it does not provide compensation, they must,- in every instance, when their fees cannot be collected from the party against whom the costs are adjudged, look alone to the party for whom, and at whose instance, the services were rendered.
In cases of witnesses, as far back as Martin & Yerger's Reports, 38, 43, it was held, and the rule has been adhered to ever since, that a witness might maintain his action against tfife party,. and at whose instance he was summoned, at the end of every term; and that he was not bound to wait the termination of the cause, in which he gave his evidence as a witness. But no case, of which we. are aware, under our practice, has gone so far as to authorize the Clerk to .recover his fees, by suit, before the termination of the cause in which the services were rendered. The practice has been the reverse. But it is clear, upon principles of common law, as well as by the Statute, a Clerk can, if the unsuccessful party is unable, . after judgment against him, to pay the fees due, maintain his action *468 against the successful party, at whose instance the services were rendered. By the Code, sec. 3204, he need not resort to his common law remedy, but he may enforce his right by motion. But neither at the common law, or under the Statute, does the right of action or motion lie against the surety in the prosecution bond in actions at law. The rule in courts of equity, is otherwise. The costs in Chancery causes are not, as in cases at law, fixed by express statutory provisions; but are left open, to be adjudged as the Chancellor, in the exercise of a sound discretion, may think just and equitable, without regard to the result of the cause. In such cases, the surety for costs undertakes, with reference to this discretionary power of the Chancellor, and he is subject to its exercise, whether his principal succeeds or not: Allison vs. Stephens et als., 2 Head, 251. But in actions at law, the Statute, Code, sec. 3197, provides that the successful party, in all civil actions, is entitled to full costs, unless otherwise directed bylaw, for which judgment shall be entered. The-judgment in favor of the plaintiff is a successful prosecution of the suit, and a compliance with the undertakings of the surety for costs; and he cannot, by motion, or otherwise, at law, be held further liable.
The judgment of the Circuit Court must be reversed; and the motion, as to the sureties in the prosecution bond, disallowed.